### 72170. ASKIN v. THE STATE.
(344 SE2d 699)

Banke, Chief Judge.

On appeal from her conviction of aggravated assault, the defendant contends that she received ineffective assistance of counsel and that the trial court erred in allowing an investigator from the sheriff's department to offer an opinion as to the believability of her account of the events leading up to the assault.

The defendant had been the victim's girl friend for several years, but the two were in the process of breaking up. The victim testified that he was shot twice by the defendant as he was in the process of leaving her bedroom. He maintained that he was not armed at the time, that he had not touched the defendant, and that immediately prior to shooting him, "[s]he just told me she was tired of me walking out of her life." The victim has evidently been confined to a wheelchair since the shooting.

An investigator from the sheriff's department testified that he examined the defendant's residence shortly after the shooting and found no indications that a struggle had taken place. He further testified that he questioned the defendant immediately after conducting this examination, as she was seated outside in a patrol car, and that, after being informed of her *Miranda* rights, she told him she shot the victim as he started to leave the room.

The defendant maintained that the victim had beaten her about the head with his fists immediately prior to the shooting and that, at the moment she fired at him, he was again approaching her in a threatening manner, causing her to be in fear for her life. She testified that the victim had also beaten her on previous occasions, stating that a year prior to the shooting he had "beat a baby out of me."

In rebuttal, the state recalled the investigator and elicited from

him the testimony that the defendant did not appear to have been in a fight when he questioned her and that the bullets appeared to have entered the victim through the right side of his body and exited through the left. Over objection, the witness was further allowed to testify that these bullet wounds were not consistent with the defendant's version of events. *Held*:

1. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

While the defendant in this case argues persuasively that a large portion of her trial counsel's cross-examination of the victim was both repetitious and pointless, perhaps even to the point of antagonizing the jury, she has not demonstrated that this conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. The defendant did not, after all, deny that she had shot the victim but claimed that she had done so in self-defense, as he was approaching her in the aftermath of a violent struggle in which she had been severely beaten. This account was shown to be totally inconsistent both with her appearance after the shooting and with the nature of the victim's bullet wounds. It also conflicted with the investigator's testimony that, shortly after the shooting, the defendant had told him she shot the victim as he was attempting to leave the room — an account which was materially consistent with the victim's version of the shooting. Under such circumstances, we do not believe there is any reasonable possibility that the jury's verdict was based on defense counsel's cross-examination technique rather than on the evidence of the defendant's guilt.

It is further contended by the defendant that there were several occurrences during the trial which indicated that counsel had neglected to investigate the facts of the case sufficiently or to research the law adequately. However, the defendant's counsel on appeal has failed to suggest what additional facts might have been revealed by further investigation or what additional defenses might have become apparent as the result of further research and preparation. Thus,

there has been no showing whatever that any additional avenues of defense were available which were not used. Consequently, this enumeration of error is without merit.

2. On rebuttal, the investigator from the sheriff's department was asked whether there was "any way in the world if [the defendant's version of events] was true, that this man would have had gunshot wounds to the part of his body that he [did]." Over objection, the witness was allowed to respond, "I don't know of any possible way." We agree with the defendant's contention that this question was phrased in such a manner as to call for an expert opinion from the witness, as an experienced law enforcement officer, on the ultimate issue in the case — i.e., whether the defendant had acted in self-defense. This was clearly a matter within the ken of the average juror, and it follows that the question and the response were improper. Accord *Williams v. State*, 254 Ga. 508 (2) (330 SE2d 353) (1985). However, given the obvious and inescapable nature of the conclusion — i.e., that the bullets could not have entered the victim's body through the right side and exited the left had he been shot while approaching the appellant head on, we find it highly probable that the error did not contribute to the jury's verdict; and we consequently hold that it was harmless. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1986 —
REHEARING DENIED APRIL 23, 1986 — ▉▉▉▉▉▉▉

*James D. Dunham*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., David A. Fowler, Assistant District Attorneys*, for appellee.