74982. FOOTE v. THE STATE.
(363 SE2d 180)

CARLEY, Judge.

Appellant was charged as a recidivist with two counts of aggravated assault and one count of possession of a firearm by a convicted felon. The jury found appellant guilty of one count of aggravated assault and possession of a firearm by a convicted felon. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant contends that his trial counsel rendered ineffective assistance by failing to move to sever the trial on the aggravated assault charges from the trial on the charge of possession of a firearm by a convicted felon. This issue was not raised by appellant in his motion for new trial, although that motion was not filed by his trial counsel but by his appellate counsel. There has been *no* ruling by the trial court on appellant's claim of ineffective assistance of counsel. In *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987), the Supreme Court held that "[a]ny ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." The instant case is factually different from *Thompson*. This case deals with a motion for new trial which was filed by appellant's appellate counsel rather than a motion for new trial which was filed by trial counsel and later amended by appellate counsel. However, the rationale of *Thompson* is nevertheless controlling. In *Thompson*, the Supreme Court remanded the case to the trial

court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel even though this claim was raised for the first time on appeal. The Supreme Court warned: "But, from the date this opinion is published in the Official Advance Sheets this court will no longer remand such cases." *Thompson,* supra at 388. However, it is clear that the publication in the Official Advance Sheets as the trigger for the effective date of the decision in *Thompson* is intended to give notice of this change to new counsel with cases that are then pending in the trial court so that he may avoid any waiver of the ineffective assistance of counsel claim by including the claim in his motion for new trial or by amending a previously filed motion for new trial to include the claim. As the instant case was not pending in the trial court prior to the publication of the Supreme Court's decision in *Thompson v. State,* it is controlled by *Smith v. State,* 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). "Thus we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel." *Smith v. State,* supra at 656. See also *Hambrick v. State,* 256 Ga. 148 (5) (344 SE2d 639) (1986). Compare *Brown v. State,* 257 Ga. 277, 279, fn. 1 (357 SE2d 590) (1987), wherein no remand was required because "the trial court heard and ruled on the claim of ineffective assistance of counsel. . . ." The effect of such disposition would be to end the case as far as this court "is concerned until and unless a notice of appeal is filed by [appellant] after an adverse ruling subsequent to the [trial court's] holding of the required hearing and the entry of the required findings concerning the issue of effective assistance of counsel. Of course, should the trial court find ineffective assistance of counsel requiring the grant of new trial, the new trial would proceed. Therefore, for all purposes, this particular case [would be] completed from the appellate review standpoint and [would] not reappear here except by virtue of a new notice of appeal from some future order entered by the trial court." *Midura v. State,* 183 Ga. App. 523, 526 (359 SE2d 416) (1987). (Special concurrence.)

2. The appellant contends that the trial court erred in denying his motion for a mistrial made in response to an erroneous statement by the prosecuting attorney during cross-examination of a defense witness. The prosecuting attorney stated that "I've got a witness who had already said before that she lied to this jury."

"In passing on a motion for mistrial because of an improper statement of a prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury. [Cits.]" *Watkins v. State,* 237 Ga. 678, 682-683 (229 SE2d 465) (1976). See also *Hoerner v. State,* 246 Ga. 374, 375 (271 SE2d 458) (1980).

In the present case, the trial judge instructed the jury that the prosecutor's comment was improper and was to be given no consideration during their deliberations, and he obtained individual assurances from them that they would be able to ignore the remark. In addition, the judge rebuked the prosecutor in the presence of the jury for making the remark. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial.

*Judgment affirmed and case remanded with direction. Birdsong, C. J., Deen, P. J., McMurray, P. J., Sognier, Pope, Benham and Beasley, JJ., concur. Banke, P. J., dissents in part.*

BANKE, Presiding Judge, dissenting in part.

1. " 'A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.' *Strickland v. Washington*, 446 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Askin v. State*, 178 Ga. App. 810, 811 (344 SE2d 699) (1986).

The appellant's conviction clearly resulted not from any inadequacy on the part of his trial counsel but from the overwhelming evidence of his guilt. It was shown without dispute that the appellant produced a pistol and intentionally fired two shots at the victim, hitting him once, after the victim intervened in a domestic quarrel between the appellant and the victim's daughter. Although the appellant maintained that he fired the shots because the victim was advancing on him with a knife, it was further established without dispute that the victim was hit in the back, which evidence was consistent with the victim's testimony that he was attempting to walk away from the appellant when the shooting occurred. Moreover, no knife was ever located at the scene. While the appellant's counsel may have been remiss in failing to move for a severance of the firearm possession charge from the aggravated assault charge, I do not believe there is any reasonable likelihood under these circumstances that the omission contributed to the verdict. Accord *Askin v. State*, supra. Consequently, I would simply affirm the conviction.

2. Assuming that a remand were appropriate, the correct disposi-

tion of the case would not be to affirm the conviction but rather to vacate the denial of the motion for new trial, which, contrary to the first paragraph of the majority opinion, is obviously the order appealed from. It strikes me as inherently contradictory simultaneously to affirm the appellant's conviction and to remand his case for further proceedings which may ultimately result in the reversal of that conviction.

DECIDED NOVEMBER 18, 1987.

*Theresa M. Clyne*, for appellant.
*Harry N. Gordon, District Attorney, Kenneth W. Mauldin, Assistant District Attorney*, for appellee.