A94A1076. JACKSON v. THE STATE.
(444 SE2d 126)

BIRDSONG, Presiding Judge.

Annie Lou Jackson appeals her conviction of sale of cocaine; she enumerates two errors. *Held*:

1. Appellant's enumeration of error based on insufficiency of the evidence is without merit. The arresting officer testified it was appellant who had actually sold him the small rock of crack cocaine. When arrested both appellant and another person who had been present at the crime scene at the time of the sale were found in possession of some of the money which was paid by the arresting officer for the cocaine. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err, as enumerated, by declining to charge the jury as to the lesser included offense of possession of cocaine.

(a) A timely, written request to charge a lesser included offense must be made by application to the trial judge at or before the close of the evidence. OCGA § 5-5-24 (b); see *State v. Alvarado*, 260 Ga.

563 (397 SE2d 550).

Examination of appellant's requests to charge, as contained in the trial record, reveals that no tailored written request for a charge as to the lesser included offense of possession of cocaine was submitted therewith. None of appellant's submitted charge requests would be accurate or apt as a lesser included offense charge. Therefore, the trial court did not err in refusing to give a lesser included offense instruction using such language. *James v. State*, 210 Ga. App. 454 (2) (a) (436 SE2d 565). Further, only a portion of the charging conference was transcribed, and that transcribed portion does not reveal that appellant tendered any tailored written request for a lesser included offense at that time. The absence of a complete transcript of the charging conference leaves us in a position of presuming that no timely accurate written request for charging of a lesser included offense was made. See *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418); *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578, 579 (356 SE2d 679). Additionally, the transcript reflects that only after the charge was given did appellant, citing *State v. Alvarado*, supra, tender an unequivocal request for a lesser included offense charge to the trial court. This transcript colloquy does not refer to any specific language of any written lesser included offense charge request that previously may have been timely submitted. Appellant has failed to establish that she tendered a timely written request for a lesser included offense charge or, assuming arguendo such a specific written request was tendered, that it was not confusing and was apt and accurate. An appellant must prove both error and harm to obtain case reversal (see *Williams v. State*, 188 Ga. App. 496 (3) (373 SE2d 281)); appellant has failed to carry her appellate burden.

(b) Additionally, "a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, supra at 564. However, contrary to appellant's contention the evidence at trial does not reasonably raise the lesser included offense of possession of cocaine. The arresting officer's direct testimony that appellant sold him drugs was not controverted. The transcript reveals that appellant had previously provided information about other drug users, that he was addicted to drugs, that other persons at the crime scene had police records for prior drug sales and that, at the time of arrest, one of these persons also was found in possession of some of the drug sale money. However, this evidence standing alone does not reasonably raise an issue that appellant was guilty of a lesser included offense of possession of rock cocaine, within the meaning of *State v. Alvarado*, supra. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser

included offense." *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229); *James v. State*, supra at 455 (2) (b); *Scott v. State*, 208 Ga. App. 561, 562 (2) (430 SE2d 879).

Appellant's enumerations of error are without merit.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 9, 1994.

*Robert F. Pirkle*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.

