## A96A1127. POPE v. THE STATE.

(472 SE2d 111)

McMURRAY, Presiding Judge.

Defendant Pope appeals his conviction of five counts of kidnapping. *Held*:

1. Defendant Pope was indicted along with co-defendant Donna Berry. They were jointly charged with five counts of kidnapping, three counts of aggravated assault, and each was charged separately with one count of possession of a gun by an inmate. The jury which convicted defendant Pope of the kidnapping charges did not reach a verdict on the remaining charges, and they are not at issue on this appeal.

During voir dire the prosecuting attorney stated to the prospective jurors that the co-defendant had pleaded guilty to the charges. Defendant objected to that statement as improper and moved for a mistrial or continuance, whichever was proper. The prosecuting attorney agreed that he should not have made the reference to the plea of the co-defendant.

The trial court sustained defendant's objection, instructed the jury that the prosecutor's comment was improper, and ordered the jury to completely disregard it. The trial court further related to the jury that whether or not the co-defendant had entered a plea was not their concern, and noted that even if the co-defendant was guilty of an offense, such would not affect the right of defendant to have a trial and to enjoy a presumption of innocence. After instructing the prospective jurors, the trial court inquired as to whether any juror could not be completely fair and impartial because of anything that had happened. One juror gave an affirmative answer and was excused for cause. Two other jurors were excused for cause due to circumstances unrelated to the comment of the prosecuting attorney. Defendant renewed his motion for mistrial or continuance, and the motion was denied.

" ' "In passing on a motion for mistrial because of an improper statement of a prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from the consideration by the jury. (Cits.)" (Cit.)' *Foote v. State*, 184 Ga. App. 900, 901 (2) (363 SE2d 180) (1987). 'The refusal to grant a mistrial because of the improper remarks of the prosecutor is within the discretion of the trial court pursuant to OCGA § 17-8-75, and the decision will not be disturbed on appeal absent manifest abuse. (Cits.)' *Henderson v. State*, 182 Ga. App. 513, 520 (5) (356 SE2d 241) (1987)." *Bleckley v. State*, 214 Ga. App. 860 (2) (449 SE2d 351).

While we agree with the observation of the trial court that

defendant's motion should be characterized as one for a continuance because the jury had not been impaneled, the reasoning of these motion for mistrial cases is nonetheless controlling. The curative instructions, rebuke of the prosecutor, and other precautions taken by the trial court in the case sub judice were sufficient to cure any harm created by the prosecutor's comment. Consequently, there was no abuse of the trial court's discretion in denying defendant's motion. See also *Willingham v. State*, 212 Ga. App. 457, 458 (442 SE2d 4).

2. There was no error in the trial court's refusal to give defendant's orally requested charge on the lesser included offense of false imprisonment. This charge was not warranted by the evidence since any detention of the deputies by defendant Pope was accompanied by the element of asportation. *Sallie v. State*, 216 Ga. App. 502 (455 SE2d 315). Under the evidence presented at trial, defendant was guilty of the offense of kidnapping or not guilty of any offense. There was no evidence raising the lesser offense. *Stovall v. State*, 216 Ga. App. 138, 141 (5) (453 SE2d 110). See also *Pebbles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229); *Causey v. State*, 215 Ga. App. 723, 724 (2) (452 SE2d 564); *Jackson v. State*, 213 Ga. App. 170 (2), 171 (2) (b) (444 SE2d 126).

3. The final enumeration of error questions the sufficiency of the evidence to authorize defendant Pope's conviction of kidnapping. Viewed in the light most favorable to upholding the verdict of the jury, the State's evidence shows that defendant Pope was a prisoner in the Henry County Jail who attempted an escape. After talking on a telephone in a hallway at the jail, defendant turned and drew a handgun on deputies who were in the midst of dispensing medicine to the prisoners. Defendant eventually held five deputies at gunpoint and demanded possession of the jail keys. On defendant's instructions one of the deputies used the keys to open a door towards an adjoining cell block. The five deputies were ordered into and then locked in a holding cell area where they remained while defendant Pope continued his unsuccessful escape attempt. This evidence was sufficient to authorize a rational trier of fact to find defendant Pope guilty beyond a reasonable doubt of five counts of the offense of kidnapping. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Stovall v. State*, 216 Ga. App. 138, 140 (4), supra.

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED MAY 29, 1996.

*James P. Brown, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant*

*District Attorney*, for appellee.