## A98A0192. HUMPHREY v. THE STATE.
(501 SE2d 284)

Judge Harold R. Banke.

Lavar Humphrey was convicted of two counts of armed robbery involving two different victims and one count of theft by receiving for retaining a stolen vehicle. Following the denial of his motion for new trial, Humphrey appeals.

This case arose after Humphrey and another person robbed Barry Prioleau at gunpoint in a parking lot at about 11:00 p.m. The robbers forced Prioleau to summon his friend, David McAlmen, who was waiting for Prioleau in a car. Humphrey threatened to kill McAlmen unless he removed everything from his pockets. A neighbor spotted the two robbers escape in a maroon Chevrolet Astro van driven by a third person. Based on the neighbor's report of the vehicle and its license tag number, an officer followed a van matching that description. When the van suddenly halted in a restaurant parking lot, the three individuals fled on foot. An officer chased them into a residential area where they split up. Lying just outside the van, police recovered McAlmen's keys, license, and credit card.

Just before midnight, shortly after the perpetrators fled into the neighborhood area, Julia Burlison became frightened when she heard footsteps of someone running across her yard then the sound of someone attempting to break into her home. While Burlison was still on the phone with a 911 dispatcher, police apprehended Humphrey in her carport. The following morning, Burlison contacted police after she discovered a loaded handgun, a holster, and a knit cap in her front yard.

At trial, Burlison testified that as she was lying in bed reading, she became frightened when she heard what sounded like more than

one person running through her front yard. When Burlison testified that she thought "they were trying to break in," Humphrey moved for a mistrial or in the alternative for curative instructions. Following a hearing, the court instructed the jury to disregard any testimony about a possible break-in of Burlison's home, and Humphrey renewed his motion for a mistrial. *Held*:

In his sole enumeration of error, Humphrey claims that the State impermissibly injected his character in issue by allowing Burlison's testimony about an attempted break-in which implied to the jury that he committed another crime for which he was not on trial. Humphrey contends that this evidence was immaterial, highly prejudicial and inadmissible. We disagree.

Acts and circumstances forming a part of the continuation of the main offense are admissible as res gestae. *Dean v. State*, 211 Ga. App. 28, 31-32 (4) (438 SE2d 380) (1993). See *Kirk v. State*, 210 Ga. App. 440, 443 (1) (436 SE2d 553) (1993) (arrest occurred within 45 minutes of offense and at the end of pursuit). The testimony at issue explained Burlison's conduct in making the 911 call and it explained the circumstances leading to the police response of apprehending Humphrey in her carport. *Scruggs v. State*, 227 Ga. App. 35, 36 (2) (a) (488 SE2d 110) (1997). At the time of the 911 call, a massive manhunt for Humphrey, a suspect in two armed robberies, was still underway.

Also, the circumstances connected with a defendant's arrest are generally admissible. *Hardwick v. State*, 210 Ga. App. 468, 470 (6) (436 SE2d 676) (1993). This is especially true when, as in this case, the arrest comes nearly immediately after the commission of the crimes. *Ivester v. State*, 252 Ga. 333, 335 (2) (313 SE2d 674) (1984). The fact that relevant evidence may point toward the commission of a separate crime or may incidentally place a defendant's character in issue does not render it inadmissible. *Martin v. State*, 219 Ga. App. 277, 280 (2) (464 SE2d 872) (1995); *Hutson v. State*, 216 Ga. App. 100, 101 (5) (453 SE2d 130) (1995).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1998.

*Paige A. Pastor*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.