## A98A1430. BROWN v. THE STATE.
(504 SE2d 452)

ELDRIDGE, Judge.

Robert Edward Brown appeals a Henry County jury's verdict finding him guilty of the offense of kidnapping with bodily injury resulting from an incident that occurred at 3:00 a.m. in the Kangaroo convenience store on Highway 42 in McDonough, Georgia.[1] A videotape caught 90 percent of the incident and is before this Court, as it was before the jury during trial.

The videotape and the testimony of the victim, store clerk Mary Jo Branham, show that Branham, who is approximately five feet two inches in height and twenty-one years old, was cleaning around the cola machine when Robert Brown entered the store. After "browsing" for a few minutes, Brown, who is significantly taller and heavier than Branham, grabbed her and put his hand into her back. He told her he had a gun and would kill her if she did not cooperate. He dragged her toward a storage room in the back of the store. Branham resisted and "fell down beside a rack that was in there to keep him from getting me all the way in the store room and he just kept hitting me" with his fists. Brown then grabbed her "by my hair and took me up to the cash register and told me to give him all of the money." Brown, often staring directly at the video camera, crouched down below the store counter while holding onto the girl. Hands visibly shaking in terror, Branham opened the cash register and gave Brown

---

[1] An additional count of the indictment charged Brown with armed robbery; the same jury deadlocked on that count, and a mistrial was declared.

the $107 therein.

After the robbery was completed, Brown dragged Branham around the counter and forced her out the front door. He attempted to force her into a car in the parking lot. She resisted, and he threw her up against the car. Branham ran back toward the store with Brown chasing her. As she entered the store, Brown tackled her into a candy display rack. The videotape shows that he beat her about the face and head with his fists — repeatedly. The girl put her arms in front of her face, and "He just — he kept hitting me and every time he looked at me I would just — [he] hit me. . . ." Brown then ran from the store. Mary Jo Branham, her face bruised and bloody, came around the counter and set off the alarm.

Robert Brown was identified through the videotape. Located that same day, Brown gave a voluntary, in-custody statement to the police. He stated that he was a cocaine addict and admitted robbing the Kangaroo convenience store to support his addiction. Brown also admitted his acts of violence toward Mary Jo Branham, including attempting to force her into a car and beating her with his fists once he had chased her back into the store. *Held*:

Brown contends that the trial court erred in failing to give his requests to charge on the included offenses of (1) aggravated assault and (2) false imprisonment. Under the facts of this case, we do not agree.

1. Brown's Request to Charge No. 1 tracks the language of the aggravated assault statute, OCGA § 16-5-21 (a) (1) and (2). The request to charge states in pertinent part that "[a] person commits the offense of aggravated assault when that person assaults another person: (1) With intent to murder, rape, or rob; or (2) With a deadly weapon, or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (1), (2). Brown contends that the charge should have been given as a lesser included offense of kidnapping with bodily injury.

(a) Herein, there was no evidence of an intent to "murder" or "rape." Accordingly, the related principles contained in OCGA § 16-5-21 (a) (1) are inapplicable. Further, while there was evidence of aggravated assault with intent to rob, such evidence was unrelated to the greater offense for which the aggravated assault charge was submitted, i.e., kidnapping with bodily injury.

As a matter of law, aggravated assault — with intent to rob as the factor in aggravation — is not a lesser included offense of kidnapping with bodily injury. See *Brown v. State*, 247 Ga. 298, 302 (9) (275

SE2d 52) (1981).[2] The two offenses share no essential elements. Aggravated assault with intent to rob requires the reasonable apprehension of receiving bodily injury and proof of the intent to rob the victim. Kidnapping with bodily injury requires no such finding. The kidnapping, as indicted, requires the finding of an unlawful abduction and actual injury, while such finding is not necessary for conviction for aggravated assault with intent to rob. Id.; see also OCGA §§ 16-1-6; 16-1-7.

Thus, subsection (1) of OCGA § 16-5-21 (a) does not apply to the offense for which Brown's lesser included charge was submitted, i.e., kidnapping with bodily injury.

(b) Herein, there was also no evidence of any "object, device, or instrument" used in the beating of Branham during the kidnapping so as to make applicable that portion of OCGA § 16-5-21 (a) (2) related thereto. Further, fists and hands are not "deadly weapons" per se within the meaning of OCGA § 16-5-21 (a) (2). *Richards v. State*, 222 Ga. App. 853, 854 (476 SE2d 598) (1996). A determination that fists are "deadly weapons" requires an instruction to the jury that fists may be considered as such through an analysis of "their use, wounds inflicted, and other surrounding circumstances." Id. at 854 (1) (a). However, Brown submitted no such request to charge.

Thus, as submitted, subsection (2) of OCGA § 16-5-21 (a) was insufficient to instruct the jury with regard to aggravated assault as a lesser included offense of kidnapping with bodily injury.

(c) Moreover, Brown submitted his statutory request to charge on aggravated assault *specifically* as a lesser included offense of kidnapping with bodily injury. However, factually, the statutory charge, as submitted, fails to distinguish between (1) an aggravated assault that may have been perpetrated on the victim when she was first beaten for refusing to enter the store room; (2) an aggravated assault that may have been perpetrated against the victim during the course of the indicted armed robbery; and (3) an aggravated assault that may have been perpetrated against the victim during the course of the subsequent asportation of the victim to the parking lot and her consequent beating for escaping. A review of the videotape and the testimony of the victim show that these were three, separate occurrences during the course of the entire incident, each capable of sustaining independent prosecution.

Thus, while we have previously held that a charge in the exact language of a statute shows no error, even though a part of the charge may be *inapplicable* under the facts,[3] such is not the case

---

[2] Overruled on other grounds in *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982).

[3] See, e.g., *Moore v. State*, 207 Ga. App. 892 (429 SE2d 335) (1993).

when, as here, a submitted statutory request to charge on a lesser included offense may be *applicable* to facts which are unrelated to the specific, greater offense for which the charge was submitted. Clearly, under such a factual scenario, the lesser included charge must be accurately tailored to the greater offense for which it is submitted in order to avoid confusion and the possibility of an erroneous conviction in an unintended manner.[4]

(d) "Examination of appellant's Request to Charge No. [1] reveals that it is taken verbatim from [OCGA § 16-5-21]. This charge has not been tailored to the facts of this particular case, and as tendered, it was potentially confusing to the jury." *Lindley v. State*, 225 Ga. App. 338, 342 (2) (a) (484 SE2d 33) (1997). The requested charge contains instructions as to issues not reasonably raised by the evidence relating to the greater offense for which the instruction was submitted, i.e., kidnapping with bodily injury. Further, the instruction is insufficient to apprise the jury as to the law with regard to that portion of the statute that might have been applicable to the kidnapping with bodily injury offense, i.e., beating with fists as an assault with a "deadly weapon."

"If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919) (1992); *Lindley v. State*, supra at 342. " 'A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case.' " (Citation omitted.) *Woityra v. State*, 213 Ga. App. 89 (1) (443 SE2d 867) (1994). A trial court does not commit error where it refuses to give a confusing or misleading instruction, such as Brown's Request to Charge No. 1.[5] *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991).

(e) Further, in light of the overwhelming evidence against Brown, which included the videotape and Brown's uncontradicted confession, it is highly probable that the failure to give a jury instruction on aggravated assault did not contribute to the verdict. *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

2. There was no error in the trial court's refusal to give Brown's

---

[4] Such situation is analogous to the long-standing principle that, even when charging in the language of the aggravated assault statute, it is reversible error when the jury is instructed: (1) that the offense may be committed in more than one manner where only one manner is alleged in the indictment, and (2) facts in evidence raise a reasonable probability that the jury may have convicted the defendant of committing the offense in a manner not charged in the indictment. *Levin v. State*, 222 Ga. App. 123 (473 SE2d 582) (1996).

[5] We note that the charging conference was not transcribed, and Brown placed no objection on the record relating thereto. See *Jackson v. State*, 213 Ga. App. 170, 171 (444 SE2d 126) (1994).

requested charge on false imprisonment as a lesser included offense of kidnapping with bodily injury. This charge was not warranted by the evidence since any detention of Mary Jo Branham was accompanied by the element of asportation. Under the evidence presented at trial, Brown was either guilty of the offense of kidnapping or not guilty of any offense. There was no evidence raising the lesser offense. *Pope v. State*, 221 Ga. App. 578, 579 (2) (472 SE2d 111) (1996); *Stovall v. State*, 216 Ga. App. 138, 140 (5) (453 SE2d 110) (1995).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 4, 1998.

*Chapman & Pope, Daniel C. Chapman III*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.