A99A0232, A99A0233. BOXER X v. THE STATE (two cases).
(515 SE2d 668)

BARNES, Judge.

In February 1997, a jury convicted Boxer X of thirteen counts, including five counts of aggravated assault, one count of kidnapping, and one count of interference with government property in Case No. A99A0233. The trial court denied his motion for new trial in April 1998, and he appealed. Then in July 1997, another jury convicted Boxer X of escape, two kidnapping counts, and criminal attempt to

commit robbery in Case No. A99A0232. The trial court denied his motion for new trial in July 1998, and he again appealed. We consolidated the appeals and affirm the convictions.

## Case No. A99A0233

In Case No. A99A0233, Boxer X contends that insufficient evidence supports his convictions of the five aggravated assault counts and the kidnapping and interference with government property counts. He further asserts that the trial court erred in its jury charge on justification, in refusing to give certain requests to charge, and in sentencing him to life imprisonment without parole.

> [O]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence *sufficiency*, and does not weigh the evidence or determine witness credibility. Conflicts in the testimony of the witnesses [are] a matter of credibility for the jury to resolve.

(Citations and punctuation omitted; emphasis supplied.) *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the facts surrounding the first set of convictions are as follows: Nadine Jones and Boxer X had a long-term relationship and two children together. They did not live together. As Jones removed laundry from a clothesline, Boxer X came into the yard. The two started arguing, and Boxer X tried to make Jones leave with him. She refused. Boxer X grabbed her around the waist, held a knife to her throat, and dragged her across the yard with Jones's two daughters trying to pull him off their mother. At that point Will Crutchfield, who rented the house where Jones and her children stayed, fired two pistol shots into the air, trying to startle Boxer X into letting Jones go. Boxer X punched his pregnant daughter, Nellie Farley, in the stomach, swung his knife at her and Jones's other daughter, Shannon Griffin, and dragged Jones into his van. He drove off holding the knife to her throat, then rammed a police car containing two officers that had pulled in front of the van to stop it. When the van became hung up on the police car in front of it, Boxer X ran off on foot. He later turned himself in to the police.

1. Boxer X argues that the verdicts convicting him of five counts of aggravated assault and one count each of kidnapping and interference with government property were contrary to the law and the weight of the evidence. The aggravated assault counts were as follows: assaulting Nadine Jones with a knife; assaulting Nellie Farley with a knife; assaulting Shannon Griffin with a knife; and assaulting

two police officers by ramming their car with his van. The kidnapping charge involved abducting Nadine Jones and holding her against her will. Finally, the interference with government property charge stemmed from ramming the police car with the van.

We find the evidence sufficient for a rational trier of fact to find Boxer X guilty of the charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Boxer X further asserts that the trial court erred in denying his motion for mistrial. He argues that the error arose from the cumulative effect of the prosecutor improperly introducing his character into evidence, and then repeatedly instructing the State's witnesses in court but out of the jury's hearing.

At trial, the prosecutor asked Nadine Jones if she had had intimate relations with Boxer X within the previous year. She responded, "Yes, when he got out of prison." Defense counsel moved for a mistrial. The trial court denied the motion but instructed the jury to disregard any reference to Boxer X having gotten out of prison. Defense counsel renewed his motion before the trial court delivered the curative instruction, which the court again denied.

Defense counsel concedes that mere reference to a defendant's prior incarceration in prison without more evidence is not sufficient to warrant a mistrial. However, he argues that the prosecutor's repeated instructions to additional witnesses, out of earshot but within eyesight of the jury, prejudiced Boxer X to the extent that a mistrial was warranted. However, the record shows that defense counsel failed to request a mistrial when the prosecutor instructed the State's witnesses in front of the jury. Since he failed to make a timely objection at trial, Boxer X waived his right to raise this issue on appeal. *Strawder v. State*, 207 Ga. App. 365 (1) (427 SE2d 792) (1993).

3. Boxer X then contends that the trial court's charge on his defense of justification was so confusing and unclear that the jury was incapable of understanding the defense.[1] While the trial judge gave the justification charge that Boxer X requested, he also charged a garbled version of OCGA § 16-3-21 (b) (1), (2), which addresses the circumstances under which a person is *not* justified in using force. The trial judge charged the jury that

A person *who* is not justified in using force *and* if that person initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant or is attempting to commit, com-

---

[1] Boxer X preserved this issue for appeal by reserving his objections at the conclusion of the trial court's charge.

mitting or fleeing after the commission or attempted commission of a felony,

adding the words "who" and "and" to the statutory language of the charge as indicated.

An erroneous charge does not warrant a reversal unless it was harmful, and in determining harm, we look to the jury instructions as a whole. *Foote v. State*, 265 Ga. 58, 59 (2) (455 SE2d 579) (1995). Just before giving this garbled charge, the trial court gave Boxer X's requested charge on justification correctly and in full as follows:

[I]f you find that the Defendant's conduct was justified, that is a defense to prosecution for any crime based on that conduct. A person is justified in threatening or using force against another person when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against the other's imminent use of unlawful force. A person is justified in using force which is intended to cause great bodily harm only if that person reasonable [sic] believes that such force is necessary to prevent great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

The charge of which Boxer X complains describes when the justification defense will *not* apply. Thus we fail to see how the trial court's misstatement could have harmed him. A verbal inaccuracy in a charge that clearly could not have misled or confused the jury is not reversible error. *Harper v. State*, 155 Ga. App. 764, 765-766 (4) (272 SE2d 736) (1980). We are satisfied that the charge as a whole adequately and fairly conveyed the defense to the jury.

4. Boxer X asserts that the trial court erred in failing to give his requested charge on false imprisonment as a lesser included offense of kidnapping. This charge was not warranted by the evidence since any detention of Nadine Jones was accompanied by the element of asportation.[2] Under the evidence presented at trial, Boxer X was either guilty of the offense of kidnapping or not guilty of any offense. There was no evidence raising the lesser offense. *Brown v. State*, 232 Ga. App. 787 (504 SE2d 452) (1998); *Pope v. State*, 221 Ga. App. 578, 579 (2) (472 SE2d 111) (1996).

5. Boxer X argues that his sentence of life in prison without parole pursuant to OCGA § 17-10-7 is cruel and unusual punishment based on the circumstances of the crimes and his lack of intent to harm anyone. This challenge to the constitutionality of the statute is

---

[2] Asportation — a carrying away. Webster's New Intl. Dictionary (2nd ed.), Unabridged.

raised for the first time on appeal and therefore cannot be considered. *Westmoreland v. State*, 215 Ga. App. 21 (449 SE2d 640) (1994).

### Case No. A99A0232

In Case No. A99A0232, a jury convicted Boxer X of escape, two kidnapping counts, and criminal attempt to commit robbery. He appeals the convictions, alleging that the trial court erred in refusing to allow him to represent himself at trial; allowing into evidence the sentence listing all his previous convictions; refusing certain requests to charge; and denying his motion for mistrial. He also alleges that the State failed to prove venue and that insufficient evidence supported the kidnapping and attempted robbery counts.

As in Division 1 above, Boxer X no longer enjoys a presumption of innocence on appeal, and we view the evidence in a light most favorable to the verdict. We determine only sufficiency and do not weigh the evidence or determine witness credibility. The jury must resolve conflicts in witness testimony. *Taylor v. State*, 226 Ga. App. at 255. Viewed in the light most favorable to the verdict, the facts surrounding the second set of convictions are as follows: Boxer X was attending educational classes at the Putnam County Jail, where he was incarcerated following the convictions described above. At the end of class, he helped his instructor carry some supplies to an adjoining conference room used for storage and located outside the secured part of the jail. To get to the storage room, a guard had to hit a button that electronically unlocked the door. That guard testified that he recognized the instructor who indicated that he wanted to go through the door, but never saw Boxer X behind the instructor.

Once the two men deposited the supplies in the conference room, Boxer X asked if he could duck back into the room and get a few packs of sugar. The instructor said yes, and after 20 seconds or so opened the door to look for Boxer X, who had gone through another unlocked door, into the lobby, and out the front door. He made his way about a mile down the road to Corprinicus Farley's house, knocked on the door and said he was looking for a ride to the hospital because he had wrecked his car and hurt his leg. Boxer X asked Farley for the keys to a car parked outside, then reached in the door and sprayed an irritant into Farley's eyes. The defendant chased Farley through the house and out into the yard, but gave up the chase once Farley began running up the road.

Boxer X proceeded to the Jacksons' residence, knocked on the door and told 13-year-old Jonathan Jackson he had wrecked his car and needed a ride to the hospital. The defendant pushed his way inside the house and repeated his request to Jonathan's mother, Angela Jackson. She agreed to drive him to the hospital, but while

they were in the driveway Boxer X said he needed to go by his car first to get some valuables. She then agreed to take him to his car, but after driving some distance he told the Jacksons he had just killed someone. He refused to leave the car when Jackson asked him and insisted on taking the driver's seat. He took $60 from Jackson's purse and proceeded to a DeKalb County rest stop. At the rest stop he made Jonathan Jackson give him his pants and coat to wear, then the three continued driving toward Atlanta. On the way, Boxer X stopped to make a phone call. When he got back in the car, he examined Jackson's driver's license. He then told her that he knew where she lived, and if she told anyone about him he would come and get her. When they got to Moreland Avenue, Boxer X got out of the car and gave Jackson $2 for gas money to get home. He walked away, and Jackson and her son returned to Madison.

6. Boxer X argues that the convictions for kidnapping and criminal attempt to commit robbery are contrary to the law and the weight of the evidence. As with enumeration one above, we find the evidence sufficient to support the convictions. *Jackson v. Virginia*, 443 U. S. 307.

7. Boxer X submits that the trial court erred in refusing to allow him to represent himself, a request he first made after a full day of testimony.

The denial of this request to represent himself, a request made after the testimony of the State's [fifth] witness, cannot serve as the basis for reversal since a defendant "cannot frivolously change his mind in midstream" by asserting his right to self-representation in the middle of his trial. [Cit.]

*Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990).

8. Boxer X next asserts that the trial court erred in admitting into evidence a certified copy of his sentence on all 13 counts from the earlier case. He argues that the document should have been redacted to show only one felony, and not show the kidnapping conviction since the trial court had earlier denied the prosecution's motion to present that conviction as evidence of a similar transaction. Introducing the sentence allowed the prosecutor to get in through the back door what he could not get in through the front, defense counsel argues.

OCGA § 16-10-52 (a) defines escape as intentionally escaping from lawful custody after being convicted of a felony. Lawful confinement is a necessary element of the offense, and the State may prove this element by introducing evidence of prior felony convictions. *Norris v. State*, 227 Ga. App. 616, 617 (1) (489 SE2d 875) (1997); *Dixon v. State*, 234 Ga. 157, 158 (1) (215 SE2d 5) (1975).

[T]he general rule which prohibits references to other crimes by the accused is not fully applicable to a trial for escape, which by its nature alludes to a prior act resulting in incarceration or conviction. Moreover, evidence of the escapee's original crime is often an unavoidable aspect of the state's proof with regard to the lawfulness of confinement.

*Fears v. State*, 138 Ga. App. 885, 887 (2) (227 SE2d 785) (1976).

Here, the prosecution did not elicit from witnesses any details regarding Boxer X's previous convictions, but merely asked the Putnam County sheriff to identify a certified copy of Boxer X's sentence to show that he was lawfully confined under a felony conviction. We decline to find that the trial court abused its discretion when it allowed the prosecution to prove the offense of escape by introducing Boxer X's sentence from the previous trial. See *Bland v. State*, 264 Ga. 610, 611 (449 SE2d 116) (1994).

9. Defendant contends that the prosecution failed to establish venue in Putnam County for the kidnapping offense,[3] arguing that the victim's testimony — that she *thought* she was still in Putnam County when she first asked Boxer X to let her and her son leave the car — was not enough. We reject this argument for two reasons. First, two questions after the testimony noted above, the victim testified positively that she was still in Putnam County when the defendant refused to get out of her car. Second, venue for the prosecution of kidnapping lies in the county where the victim was seized. *Potts v. State*, 261 Ga. 716, 720 (2) (410 SE2d 89) (1991); *Cornelius v. State*, 213 Ga. App. 766 (445 SE2d 800) (1994). Since an abduction by inducement, persuasion, or fraud can also support a finding of asportation, and the victim testified that her house, where Boxer X induced her to give him a ride, is in Putnam County, the evidence is sufficient for the jury to have found that the State proved beyond a reasonable doubt that the kidnapping occurred in Putnam County. *Harshaw v. State*, 222 Ga. App. 385, 386 (1) (474 SE2d 226) (1996).

10. Boxer X enumerates as error the trial court's refusal to charge battery, simple assault, and aggravated assault as lesser included offenses of kidnapping. OCGA § 16-5-40 (a) provides that "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." Those elements do not include the elements required to prove aggravated assault, OCGA § 16-5-21, simple assault, OCGA § 16-5-20, or battery, OCGA § 16-5-23. This

---

[3] Boxer X challenged venue in a motion for directed verdict; therefore, the State was required to show more than "slight evidence" of venue and prove that element of the crime beyond a reasonable doubt. *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998).

Court has held, for example, that the element of apprehension of bodily injury required for an aggravated assault conviction is not required to prove kidnapping with bodily injury. *Brown v. State*, 232 Ga. App. 787, 790-791 (2) (504 SE2d 452) (1998). Simple assault also requires the apprehension of bodily injury and is therefore also not a lesser included offense of kidnapping. And battery requires the element of intentionally making physical contact of an insulting or provoking nature with the person of another or intentionally causing physical harm to another, elements not required to prove kidnapping. Therefore, the trial court properly declined to give Boxer X's requested charges on these crimes as lesser included offenses of kidnapping.

11. Finally, defense counsel failed to timely object to those portions of the prosecution's closing argument that he contends improperly placed defendant's character into evidence. This failure waives Boxer X's right to raise the issue on appeal. *McCord v. State*, 268 Ga. 842, 844 (5) (493 SE2d 129) (1997).

*Judgments affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 7, 1999.

*Green B. Moore III*, for appellant.
*Fredric D. Bright, District Attorney, Richard M. Gailey, Jr., Assistant District Attorney*, for appellee.