## A99A2165. MOORE v. THE STATE.
### (529 SE2d 210)

JOHNSON, Chief Judge.

A jury found James Moore guilty of burglary and theft by taking a motor vehicle. He appeals from the convictions, raising eight enumerations of error. Because none of the enumerations has merit, we affirm his convictions.

1. Moore was charged with taking his co-worker's truck without authority and burglarizing an office. He challenges the sufficiency of the evidence, claiming that it was wholly circumstantial and did not exclude every reasonable theory except that of his guilt.

On appeal, we view the evidence in a light most favorable to the verdict, and an appellant no longer enjoys a presumption of innocence. *Boxer X v. State*, 237 Ga. App. 526, 527 (515 SE2d 668) (1999). This court determines the sufficiency of the evidence and does not weigh the evidence or determine witness credibility. Id. Conflicts in the evidence are for the jury to resolve. Id.

Viewed in a light most favorable to the verdict, the evidence shows that Moore worked at a car tune-up shop with David Buzbee. Buzbee's car was not working, so his mother loaned him a truck to use. He had been driving the truck about two months, and he sometimes permitted his co-workers to use the truck to run work-related

[8] (Punctuation omitted.) Id. at 692.
[9] See *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996).

errands during work hours.

Moore quit his job at the car shop on Saturday, June 10. Buzbee gave Moore permission to use the truck that day to transport Moore's 300-pound toolbox from the shop to Buzbee's home, where Moore was staying temporarily. Buzbee told Moore to drive the truck straight to the house, which was about three miles away. After using the truck to move his toolbox, Moore parked the truck in Buzbee's driveway. Moore left the keys in the truck, but Buzbee took the keys and put them inside the house.

Buzbee testified that he had not given Moore permission to drive the truck that night and, when he and his wife went to bed at 9:30 p.m., the truck was in the driveway. At about 10:00 that evening, two of Moore's friends came by Buzbee's home to take Moore out for drinks. Buzbee's daughter testified that the truck was in the driveway at 11:00 or 11:30 p.m., when she left the house.

Moore's friends returned to the Buzbee house around 2:00 a.m. to drop Moore off. The friends noticed that Buzbee's truck was in the driveway. Moore had no keys to the house, and no one at Buzbee's house would open the door for him. His friends left him outside and drove away.

At about 2:50 a.m., a police officer was dispatched to investigate a car accident. He arrived to find Buzbee's truck, which Moore had been driving, on its side and Moore lying on the ground unconscious. The officer detected the smell of alcohol. The officer's investigation and the statements of eyewitnesses revealed that the truck had been traveling at a high rate of speed when it changed lanes, struck a curb and crashed. No one else was in the truck when the accident occurred. The officer found inside the truck a briefcase with business cards bearing the name "Frank Woods," a cash box, and a telephone. On the ground he found a .38 caliber revolver. The front of the truck had yellow paint on it, which Buzbee testified was not there before Moore took the truck that night. The officer charged Moore with driving while under the influence of alcohol, driving with a suspended license, making an improper lane change, and driving without proof of insurance.

Later that morning, police received a call that a dental laboratory owned by Frank Woods had been burglarized. The lab was located in the building behind the car shop where Moore worked and was about one and one-half miles from the scene of the accident. The door frame to the laboratory was bent, and there was a skid mark in front of the business' yellow door. The door frame sustained damage at about two to three feet above the ground, which was the height of the truck's bumper. Though the door was damaged, it had not been opened. A window to the laboratory had been broken out, and near it police found an object covered with "a greasy lube substance." The

same greasy substance was found on the broken window and inside the business. Among the items reported stolen from the business were Woods' briefcase and business cards, a .38 caliber handgun, a telephone, and a cash box. At trial, Woods identified the items recovered by police at the accident scene as those stolen from his business.

Woods testified that Moore, whom he did not know, had come into the lab on Friday, June 9, and struck up a conversation, inviting Woods to bring his car to the repair shop for work. Woods locked up and left the lab at 8:30 p.m. The burglary occurred sometime between Friday night and Sunday morning.

The dental lab, the accident scene, the tune-up shop, and Buzbee's home were all within 4.5 miles of each other. Moore had once told Buzbee that he heard that gold was stored in the dental lab. After the accident, Moore admitted to Buzbee's wife that he took the truck that night, that he was sorry and that he wanted to pay for the damage to the truck.

Moore argues that this circumstantial evidence was insufficient to support the convictions. He says that since other people were allowed to use the truck, perhaps one of them took the truck and committed the burglary between 11:00 p.m. and 2:00 a.m., then placed the stolen property in the truck before Moore drove the truck. He also says the evidence does not show that he lacked permission to use the truck, since Buzbee was not its true owner and because Buzbee had previously given him and others permission to drive it. The evidence was sufficient to support the convictions.

To warrant a conviction based on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but must exclude every other reasonable hypothesis save that of the guilt of the accused. *Savage v. State*, 229 Ga. App. 560, 563 (494 SE2d 359) (1997). The circumstantial evidence need not exclude every hypothesis of his guilt but only reasonable ones. Id. If the evidence meets this test, circumstantial evidence is as probative as direct evidence. Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence, and where the jury is authorized to find that the evidence was sufficient to exclude every reasonable hypothesis except that of guilt, this court will not disturb that finding unless the verdict of guilty is insupportable as a matter of law. *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). The verdicts in this case were not insupportable as a matter of law.

A jury was authorized to reject Moore's theory that someone else took the truck sometime after 11:00 p.m., used it to burglarize the dental lab, left the fruits of the burglary in the truck, and left the truck in Buzbee's driveway. The jury may have found his hypothesis unreasonable, particularly in light of evidence that Moore was the

person driving the truck shortly after 2:00 a.m., he was in the dental lab soliciting business for the car shop the day before he quit his job there, and he believed gold was stored in the lab.

The jury might also have reasonably rejected Moore's hypothesis that he had permission to drive the truck, given testimony that Buzbee took the keys back earlier that day, people always asked permission before borrowing the truck, and Buzbee's mother lived out of state. We note that Moore is not permitted to raise any question concerning ownership of the vehicle. See *McIlhenny v. State*, 172 Ga. App. 419, 420 (1) (323 SE2d 280) (1984). There was ample evidence from which any rational trier of fact could have found Moore guilty beyond a reasonable doubt of burglary and theft by taking a motor vehicle. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Belton v. State*, 270 Ga. 671, 672 (1) (512 SE2d 614) (1999); *Robbins*, supra.

2. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, supra, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Because the evidence was sufficient under the standard set forth in *Jackson v. Virginia*, Moore's contention that the trial court erred in denying his motion for directed verdicts of acquittal as to the burglary and theft by taking a motor vehicle charges is without merit. See generally *Miller v. State*, 270 Ga. 741, 742 (1) (512 SE2d 272) (1999).

And inasmuch as Moore was acquitted on the theft by receiving charge, the issue of whether the trial court erred in denying his motion for directed verdict of acquittal as to that charge is moot. See *Jones v. State*, 233 Ga. App. 291, 292 (2) (503 SE2d 902) (1998).

3. Moore contends the trial court erred in allowing the state to question a police officer about traffic charges filed against Moore following the accident. He argues that the testimony impermissibly placed his character in issue. We disagree.

At trial, a police officer testified as to the circumstances existing at the time he arrived on the scene of the accident. The officer described what he observed upon his arrival, including the condition of the truck, the objects found in and around the truck, skid marks in the road, and Moore's condition. He added that he charged Moore with driving under the influence of alcohol, driving with a suspended license, making an improper lane change, and driving without proof of insurance.

Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae, and all circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. See *Humphrey v. State*, 232 Ga. App. 97, 98

(501 SE2d 284) (1998); *Stirrat v. State*, 226 Ga. App. 350, 353 (2) (b) (486 SE2d 640) (1997); see also *DeCastro v. State*, 221 Ga. App. 83, 85 (1) (470 SE2d 748) (1996) (physical precedent only). Every aspect of the criminal transaction relevant to the crime charged may be presented at trial, even if the defendant's character is incidentally placed in issue. *Johnson v. State*, 264 Ga. 456, 457 (1) (448 SE2d 177) (1994). That Moore was charged with having committed traffic offenses while driving the truck was part of the circumstances surrounding his arrest for burglary and theft by taking a motor vehicle; property taken in the burglary was recovered at the scene of the acci-dent, and the accident involved the truck which was the subject of the theft by taking charge. There was no error. See generally *Shields v. State*, 203 Ga. App. 538, 539 (1) (417 SE2d 168) (1992); *Barnes v. State*, 163 Ga. App. 61 (1) (293 SE2d 717) (1982).

4. Moore complains that the trial court erroneously allowed an investigator with the police department to testify that the burglary and the accident were related. He asserts that the officer's opinion regarding whether the burglary and accident were related went to the ultimate issues in the case and invaded the province of the jury. Moore failed to preserve this argument for appeal.

At trial, Moore made no objection when the officer gave detailed testimony about how, while investigating the burglary, he realized that the property stolen seemed to be the same property found at the scene of the accident he was investigating. Nor did Moore object when the investigator testified about the specific items found at the accident scene, how he initially thought they belonged to Moore, and how he discovered that they belonged to Woods, the burglary victim. Moore did not object until the state specifically asked the witness when he realized the burglary and the accident were related, which information the witness had already given without objection. Moore's failure to object when the testimony was first introduced amounts to a waiver. See *Grier v. State*, 217 Ga. App. 409, 411 (2) (458 SE2d 139) (1995); *Mable v. State*, 197 Ga. App. 751, 752 (1) (399 SE2d 509) (1990). Moreover, whether the cases were related does not go to the ultimate issues in this case. The ultimate issues were whether Moore committed the burglary and whether he drove the truck without authority. There was no error. See generally *Ludden v. State*, 176 Ga. App. 109, 110-111 (2) (335 SE2d 428) (1985).

5. After Moore presented his defense, the prosecutor called Buzbee in rebuttal and asked him if his mother ever gave Moore permission to drive the truck. Moore objected on the ground that the testimony would be hearsay. The trial court ruled that the question called for hearsay and permitted the state to rephrase the question. After the state made several unsuccessful attempts to ask the question in an acceptable manner, the trial court remarked that she could ask

the witness what his understanding with his mother was regarding the truck. The prosecutor then asked the question in a form similar to that posed by the trial court. Moore did not object at trial to the trial court's suggestion. His failure to do so amounts to a waiver. See *Porche v. State*, 217 Ga. App. 325, 326 (2) (457 SE2d 578) (1995).

In any event, it is the trial court's right, and sometimes its duty, to question a witness in order to develop the truth of a case. *Johnson v. State*, 270 Ga. 234, 239 (6) (507 SE2d 737) (1998). The trial court did not abuse its discretion by suggesting an acceptable way to phrase a question so as to develop the truth in this case.

6. Moore argues that the trial court erred in allowing rebuttal witnesses for the state to testify regarding whether the dental laboratory's owner authorized Moore to enter the business when it was closed and whether Buzbee's mother authorized Moore to use the truck, when the defense did not raise these issues in its case-in-chief. Moore does not claim that the testimony was inadmissible, just that it was not proper rebuttal testimony.

> Regardless of technical niceties as to what evidence should be offered in chief and what may be offered in rebuttal, this court will not reverse a trial court for admitting in evidence at any stage of the trial any testimony that is both relevant and competent.

(Punctuation omitted.) *Sheffield v. State*, 107 Ga. App. 610, 613 (9) (131 SE2d 76) (1963). Testimony regarding whether Woods authorized Moore to enter the dental lab and whether the mother authorized others to use the truck was competent and relevant to the burglary and theft by taking charges. Even if the testimony was not strictly in rebuttal, the trial court did not abuse its discretion in allowing the testimony. See *Goodwin v. State*, 222 Ga. App. 285, 287 (3) (474 SE2d 84) (1996). This enumeration presents no grounds for reversal.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 2, 2000.

*Roderick H. Martin*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.