## S90A0048. ROBERTS v. THE STATE.
(385 SE2d 668)

GREGORY, Justice.

Jimmy Lee Roberts was convicted of the felony murder of Curtis Andrews and sentenced to life imprisonment.[1] Shortly after midnight on June 5, 1987, the defendant drove to the home of Lillie Russell with whom he had been romantically involved. He saw her sitting on the hood of a car with Wilbur Reeves and asked her to come over to his car. She refused and asked him to come to her. In response the defendant fired at least one shot in the direction of Russell and Reeves. Reeves left and Russell walked into her house. As she did so

---

[1] The crime was committed on June 5, 1987. The defendant was convicted and sentenced on June 22, 1988. His motion for new trial was denied September 1, 1989. The appeal was docketed in this court on October 12, 1989, and submitted on briefs on November 24, 1989.

the defendant fired a number of shots in her direction, one of which struck and killed the victim. The defendant then drove away.

The defendant testified that he fired the shots to scare Lillie Russell and that he did not realize that a bullet had struck the victim when he drove away from her residence. He testified that the victim was a friend of his and that he had not intended to shoot him.

1. We hold that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v . Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant was indicted for both malice murder and felony murder. He argues that this placed an unfair burden on him to have to defend against two separate crimes. However, the rule in Georgia is that the prosecution is not required to elect between theories of felony murder and malice murder, *Nichols v. State*, 257 Ga. 558 (361 SE2d 486) (1987). The defendant argues that the jury might have believed he was indicted for multiple counts of murder. However, as in *Baty v. State*, 257 Ga. 371 (359 SE2d 655) (1987), the trial court's instructions made it clear that while the state was seeking a murder conviction under alternate theories, the defendant could be convicted of only one count of murder.

3. The defendant argues the trial court erred in denying his extraordinary motion for new trial based on newly discovered evidence. The newly discovered evidence was the alleged intoxication of witness Wilbur Reeves at the time of the shooting, and Reeves's alleged bias against the defendant. Even if true this evidence would serve only to impeach Reeves's testimony, and is not so material that it would probably produce a different verdict. As this evidence does not meet the requirements for the granting of an extraordinary motion for new trial based on newly discovered evidence, the trial court did not err in denying the motion. *Llewellyn v. State*, 252 Ga. 426 (314 SE2d 227) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1989.

*Wallace & Moss, C. Arthur Moss, Jr.,* for appellant.
*W. Fletcher Sams, District Attorney, Anne Cobb, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.