A91A2173. LATTIMORE v. THE STATE.
(416 SE2d 829)

COOPER, Judge.

Appellant was convicted by a jury of robbery by sudden snatching (OCGA § 16-8-40 (a) (3)) and obstruction of an officer (OCGA § 16-10-24 (b)). He appeals from the denial of his motion for new trial.

1. Appellant contends in his first enumeration of error that the guilty verdict was against the weight of the evidence. Viewing the evidence in a light most favorable to the verdict, the facts showed that

two men entered a convenience store where Marilyn Hannah was working as a cashier. The men went to the back of the store to get some beer and then returned to the front of the store and went behind the counter. One of the men grabbed Hannah while the other man reached under the counter and took a bag of money. The police obtained a description of the men from Hannah and also retrieved and viewed a videotape from a camera which, on the night of the robbery, had been focused on the front door of the store. Several days after the robbery, one of the investigating officers approached a man resembling one of the men in the videotape. The man gave the officer a name and address which the officer suspected to be false. The officer did not arrest the man, but after viewing the videotape a second time, the officer became convinced that the man he stopped was one of the men who committed the robbery. At trial, that officer identified appellant as the man who gave the false name. Another officer involved in the case had known appellant for several years, and after looking at still pictures made from the videotape of the robbery, identified appellant as one of the suspects. While on patrol, the officer spotted appellant and told appellant that he was not under arrest, but that the officer had to take appellant downtown for questioning. When the officer began to frisk appellant, appellant struck the officer in the chest and violently resisted the officer's attempt to subdue him. During a lineup conducted while appellant was in custody, Hannah positively identified appellant as one of the men who robbed the store, and Hannah also identified appellant at trial as a participant in the robbery. Appellant denied robbing the store or obstructing the officer. Appellant's co-defendant, who pled guilty prior to the trial, testified that he did not know appellant. However, to rebut the co-defendant's testimony, the State called a police officer who testified that following his arrest, the co-defendant gave a written statement in which he identified appellant as the other participant in the robbery.

Although appellant argues that the State's witnesses were not credible, it is axiomatic that " '[t]he weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. . . .' [Cits.]" *Hudson v. State*, 198 Ga. App. 360, 362 (1) (401 SE2d 571) (1991). We find that the evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of robbery and obstruction of an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Singleton v. State*, 194 Ga. App. 423 (3) (390 SE2d 648) (1990).

2. On cross-examination of one of the police officers, appellant's counsel solicited from the officer that another officer had identified appellant as one of the men in the videotape. On redirect examination, the officer identified still photographs made from the videotape

and testified that one was a photograph identified as appellant and the co-defendant. He also testified that another photograph was a photograph of appellant as he was returning from the back of the store. Appellant objected, contending that the witness was identifying the persons shown in the videotape. We disagree. The officer's testimony on redirect connected the still photographs with the videotape, in which appellant had been identified by others who had viewed the tape. Hannah had previously testified that the person in the videotape was appellant. Furthermore, appellant's counsel failed to object to the testimony of two other officers who both testified that one of the men shown in the videotape was appellant. Even if the admission of the officer's testimony was error, it was harmless, in light of Hannah's positive identification of appellant as the man who robbed the store. See *Green v. State*, 187 Ga. App. 373 (1) (370 SE2d 348) (1988).

3. In his third enumeration of error, appellant contends that it was error to allow the State to impeach the testimony of one of its witnesses. On cross-examination, appellant's counsel extracted from Hannah that there were two video cameras in the store, the one retrieved by the police which pointed toward the front door and another which focused on the cash register. Appellant's counsel attempted to leave the jury with the impression that the videotape from the camera focused on the cash register had been withheld by the police because it might exculpate appellant. The State called Bernice McFarlin, another employee of the store, who testified that the camera focused on the cash register was not in operation on the night of the robbery. We disagree with appellant's characterization of this evidence as impeaching Hannah. The evidence merely added to Hannah's testimony and was relevant in light of appellant's cross-examination of Hannah. The trial court did not abuse its discretion in allowing the testimony. See *Ingram v. State*, 192 Ga. App. 196 (2) (384 SE2d 262) (1989).

4. Appellant also contends that it was error to allow the testimony of McFarlin because her name was not included on the State's list of witnesses pursuant to OCGA § 17-7-110. OCGA § 17-7-110 provides that "[w]ithout the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses." McFarlin testified as to the exact amount of money taken in the robbery and to the fact that the second video camera was not operating. The prosecutor stated in his place that he became aware of the video camera focused on the cash register the night before McFar-

lin was called to testify. The prosecutor also stated that he had no need to call McFarlin as a witness until appellant's cross-examination of Hannah made it appear that another videotape of the robbery existed. The State complied with the exception in OCGA § 17-7-110 for newly discovered evidence and we find no error with the trial court's admission of the testimony.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1992.

*Nancy A. Atkinson*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.