S93A1729. DUNBAR v. THE STATE.
(438 SE2d 356)

HUNSTEIN, Justice.

Trayon Dunbar shot Charles Washington who died 18 days after the incident as a result of his injuries. Dunbar was convicted of felony murder based upon the underlying felony of aggravated assault and possession of a firearm during the commission of a crime and sentenced to life imprisonment plus a term of five years.[1] He appeals and we affirm.

1. Two eyewitnesses observed appellant shoot the victim during an argument. Reviewing the evidence in a light most favorable to the jury's verdict, we find that it was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The jury was instructed that Count 3 of the indictment charged appellant with felony murder based upon an aggravated assault. In convicting appellant of felony murder, the jury, as in-

---

[1] The crimes occurred on February 1, 1991. Dunbar was indicted in Chatham County on August 19, 1992. He was found guilty on November 19, 1992 and was sentenced that same day. Dunbar's motion for new trial was denied on May 20, 1993. A notice of appeal to the Georgia Court of Appeals was filed on June 7, 1993 and the appeal was docketed in the Court of Appeals on July 6, 1993. It was transferred to this Court on August 3, 1993 and docketed on August 10, 1993. The case was submitted for decision without oral argument on December 1, 1993.

structed, did not return a verdict on the aggravated assault charge. Appellant's contention that his felony murder conviction is inconsistent is controlled adversely to him in *Robinson v. State*, 257 Ga. 194 (3) (357 SE2d 74) (1987).

3. Appellant contends that his trial counsel was ineffective in failing to impeach a then 13-year-old prosecution witness regarding alleged inconsistencies between her trial testimony and her testimony at a preliminary hearing. In order to establish ineffective assistance of counsel, appellant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). There exists a strong presumption that trial counsel's performance "falls within the wide range of reasonable professional assistance" and that the performance challenged "might be considered sound trial strategy." Id. at 689. Appellant's counsel testified at the motion for new trial that he did not seek to impeach the witness on the basis that there was no significant discrepancy between her trial testimony and her previous testimony and the fact that both versions conflicted with appellant's claim of self-defense. Under the circumstances, we find the evidence supports the conclusion of the trial court that counsel's performance was not deficient.

4. Appellant relies on *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) for the proposition that the trial court erred in giving a sequential murder charge. Pretermitting whether the charge at issue constituted an *Edge* violation, the issue was not preserved for review in that, when affirmatively requested by the trial court, appellant neither stated his objections nor reserved his right to object on motion for new trial or on appeal. See *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979). Compare *McCoy v. State*, 262 Ga. 699, 701 (2) (425 SE2d 646) (1993).

5. Appellant's contention that his felony murder conviction should be set aside because the victim's death was not sufficiently proximate to the underlying felony of aggravated assault is without merit. There was expert testimony that the victim's death was caused by trauma stemming from the gunshot wound. As "[t]here is no merit to the [argument] that the victim must die during the commission of the underlying felony," *State v. Cross*, 260 Ga. 845, 847 (2) (401 SE2d 510) (1991), this enumeration establishes no ground for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994 —
RECONSIDERATION DENIED FEBRUARY 3, 1994.

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assis-*

*tant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.