A94A2491. PENNAMON v. THE STATE.
(454 SE2d 192)

JOHNSON, Judge.

Robert Pennamon appeals from his convictions of robbery and obstruction of a law enforcement officer.

1. Pennamon argues there is insufficient evidence to support his robbery conviction because the only proof that he stole any property was the testimony of the victim, who was intoxicated at the time of the incident. See OCGA § 16-8-40 (a). This argument is without merit because the victim's intoxication at the time of the incident affects only his credibility as a witness and the weight to be given his testimony. See generally *Roberts v. State,* 259 Ga. 620, 621 (3) (385

SE2d 668) (1989). "[T]he weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight." (Citations and punctuation omitted.) *Lattimore v. State*, 203 Ga. App. 259, 260 (1) (416 SE2d 829) (1992). "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence." *Palmore v. State*, 213 Ga. App. 140, 141 (2) (444 SE2d 581) (1994).

In the instant case, the victim testified he was walking home when he encountered Pennamon, who hit him in the mouth, knocked him to the ground, kicked him and took $75 from him. The victim's sister testified she saw Pennamon hit her brother and heard her brother say, "Leave me alone, you've already done got my money." The police officer who was dispatched to the victim's house on the date of the incident testified the victim appeared to be intoxicated, had a bloody lip and said he had been beaten and robbed. The sole defense witness testified the victim and Pennamon were arguing when one of them hit the other, but the witness could not identify who hit whom.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found Pennamon guilty of robbery. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Denson v. State*, 212 Ga. App. 883, 885 (4) (443 SE2d 300) (1994).

2. Pennamon contends the court erred in refusing to give his written requests to charge on battery, simple battery and use of opprobrious or abusive language as justification for simple battery. The record, however, does not contain any written requests to charge by either Pennamon or the state and there is no transcript of a charge conference. Because the record does not contain any written requests to charge, we cannot make the preliminary determination as to the legal accuracy of Pennamon's alleged requests. See *Carter v. State*, 263 Ga. 401, 403 (4) (435 SE2d 42) (1993). Moreover, the absence of a transcript of the charge conference leaves us in a position of presuming that no timely accurate written requests were made. See *Jackson v. State*, 213 Ga. App. 170, 171 (2) (a) (444 SE2d 126) (1994). Pennamon's assertions in his brief to the contrary are insufficient. "[A] brief . . . cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party." (Citations and punctuation omitted.) *Henderson v. State*, 203 Ga. App. 733, 734 (1) (417 SE2d 413) (1992). Pennamon has thus shown no error.

*Judgment affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 14, 1995.

*Patrice S. Howard,* for appellant.

*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney,* for appellee.