A96A1055. RICHARDS v. THE STATE.
(476 SE2d 598)

SMITH, Judge.

Fred Lester Richards was indicted on charges of aggravated assault (OCGA § 16-5-21), aggravated battery (OCGA § 16-5-24), false imprisonment (OCGA § 16-5-41), simple assault (OCGA § 16-5-20 (a) (2)), and battery (OCGA § 16-5-23.1). He appeals his convictions of aggravated assault, two counts of battery, and simple assault.

1. Richards contends the evidence was insufficient to support his convictions. Viewed to support the verdict, evidence was presented that on July 26, 1994, at about 9:00 p.m., Richards, who had been drinking alcohol, shoved his girl friend onto the floor in their home and began pulling out "chunks" of her hair and repeatedly hitting her on either side of her head with his open hand. She testified that he also "grabbed my throat and choked me" and added that "he squeezed it so tight that I think I passed out momentarily." As Richards struck her on the head, one of her eardrums burst. The next morning, Richards "slapped" her to the floor and kicked her. He also held a "restaurant knife" to her throat and threatened to kill her with it. Since the knife was not sharp, the victim testified that she thought her death would be "extremely painful" and would "last a long time." She escaped when a repairman came to their home.

(a) The indictment charged Richards with aggravated assault "by placing his hand and hands around the neck of [the victim] and choking her, said hands being a deadly weapon." Richards contends that the evidence was not sufficient to convict him of aggravated assault because his hands were not used as deadly weapons. We disagree.

Although hands and fists are not deadly weapons per se within

the meaning of OCGA § 16-5-21, a jury may find them to be deadly depending upon their use, wounds inflicted, and other surrounding circumstances. *Durden v. State*, 219 Ga. App. 732, 735 (3) (466 SE2d 641) (1995). Whether hands are used as a deadly weapon is a jury question. *Quarles v. State*, 130 Ga. App. 756, 757 (2) (204 SE2d 467) (1974). Here, evidence was presented that Richards used his hands to choke his victim and that she passed out as a result. This evidence was unquestionably sufficient to authorize a rational trier of fact to find Richards guilty of aggravated assault under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Richards also contends that the evidence was insufficient to convict him of battery because a perforated eardrum is not substantial physical harm or visible bodily injury, as contemplated by OCGA § 16-5-23.1. He argues that the victim's eardrum healed completely within two or three weeks of the injury and that her hearing was completely restored. Whether or not a victim of intentional injury by another heals from his or her injuries is not the test of whether the victim suffered substantial bodily harm. Undoubtedly, many victims physically heal from cuts, bruises, broken bones, or other injuries inflicted upon them. Under Richards's theory, perpetrators of injuries from which victims recover could never be convicted of battery. We reject the notion that the offense of battery is committed only when the victim sustains injuries that never heal.

The question of whether substantial bodily injury occurred is instead a question of fact for the jury to decide. The victim testified that when she was struck on the side of her head, she heard "a real loud noise" and that she initially experienced sharp pain. The doctor who examined her after the incident testified that she was nauseated when he examined her and that she indicated that her "head and ears were buzzing or sound[ing] funny."[1] He observed a bruise on her left eardrum and a hole in her right eardrum. Although the victim's hearing may have been restored after the incident and although the initial sharp pain she suffered may have dissipated, her testimony and that of the physician was sufficient evidence from which the jury could determine that she suffered substantial bodily injury and that her injury was visible. The evidence was sufficient to support Richards's conviction of battery under the standard of *Jackson v. Virginia*, supra.

(c) The indictment charged Richards with simple assault by committing "an act which placed [the victim] in reasonable apprehension of immediately receiving a violent injury" by holding a kitchen knife

---

[1] He also observed many bruises on her neck, around her ears, on her throat, on her thigh, on her shoulder and hand, on her chest, on her ankle, and on her elbow.

to her throat. Richards contends the evidence was not sufficient to convict him of this offense because the knife was not sharp. In support of this contention he cites the victim's testimony that she knew the knife was not sharp. He conveniently fails to mention her additional testimony that she was afraid her death would be long and painful due to the dullness of the knife. Whether this apprehension was reasonable was for the jury to decide. This Court determines sufficiency of the evidence and does not weigh it or determine the credibility of witnesses. See, e.g., *Pennamon v. State*, 216 Ga. App. 306, 307 (1) (454 SE2d 192) (1995). The victim testified that she feared for her life, and this evidence was sufficient for a rational trier of fact to find Richards guilty of assault under the standard of *Jackson v. Virginia*, supra.

(d) Richards's contention that the evidence did not support his conviction for the second count of battery is not supported ·by citations to the record, argument, or citations to authority and is deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

2. Richards contends that evidence of two similar transactions was erroneously admitted because the transactions did not meet the requirements of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). We disagree. Evidence was presented that in separate incidents in late 1990, Richards beat two other girl friends in a manner similar to the attacks for which he was tried and inflicted similar injuries on those girl friends. The State sought to introduce the evidence to show intent, course of conduct when dealing with women, and Richards's bent of mind, and to corroborate the testimony of the victim in this case. Although corroboration of testimony is not a recognized purpose for the admission of similar transaction testimony in cases not concerning sex crimes, the other reasons for which the State sought to introduce the testimony are all permissible purposes for introducing evidence of such transactions. See, e.g., *Morrill v. State*, 216 Ga. App. 468, 475 (11) (454 SE2d 796) (1995).

Contrary to Richards's argument, the fact that a nolle prosequi was entered as to the charge in the second similar transaction does not establish that the State failed to prove he committed the offenses. "The mere entry of nolle prosequi does not indicate an absence of the commission of a criminal act or forever clear one of the charges brought against him. A nolle prosequi is a cessation of prosecution for the nonce, but it may spring into life again and be continued again with all of the fervor and energy at the command of the prosecuting officers. . . . A nolle prosequi does not adjudicate either the innocence or guilt of the accused unless the accused has been placed in jeopardy." (Citations, punctuation, and emphasis omitted.) *Drake v. State*, 170 Ga. App. 846, 847 (1) (318 SE2d 721) (1984).

3. Richards contends the trial court erroneously allowed intro-

duction of hearsay testimony regarding the second similar transaction. Detective Escher of the Cherokee County Sheriff's office testified that he was involved in the investigation of the incident. He interviewed the victim shortly after the incident, and she stated to him that Richards attacked her. Assuming without deciding that the victim's statement was hearsay, its admission was harmless error in light of the overwhelming evidence of Richards's guilt. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Evidence of Richards's guilt, other than the hearsay statement of one of the similar transaction victims, was provided "by a witness with immediate and personal knowledge" (citation and punctuation omitted), *Head v. State*, 220 Ga. App. 281, 283 (3) (469 SE2d 406) (1996), the victim in *this* case herself. She unequivocally identified Richards as her assailant. In addition, the victim of the first similar transaction bearing striking similarities to the incident at issue here likewise identified Richards as the man who attacked her. Moreover, Detective Escher testified that he interviewed Richards, who *admitted* that he struck the victim of the second transaction, knocked her to the ground, and kicked her. Consequently, even if erroneous, it is highly improbable that the admission of the hearsay statement contributed to the guilty verdict, and we find no reason for reversal on this ground. See *Johnson*, supra.

4. Relying on his arguments regarding the admissibility of the second similar transaction, Richards contends the trial court erroneously admitted photographs of the victim of that incident. In light of our conclusions in Divisions 2 and 3, supra, this contention is moot.

5. Richards complains that the trial court erred in allowing the State to argue that similar transaction testimony could corroborate the victim's testimony. Although the State did mention that evidence regarding one of the similar transactions corroborated the victim's testimony, this argument was abandoned upon Richards's objection and the trial court's conclusion that similar transactions are not admissible for corroboration purposes. Richards did not raise further objection, ask for curative instructions, or move for mistrial at the time the alleged improper conduct occurred. He therefore did not preserve the issue for appellate review. See generally *Johnson v. State*, 197 Ga. App. 384, 385 (2) (398 SE2d 432) (1990).

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 28, 1996 —
RECONSIDERATION DISMISSED SEPTEMBER 24, 1996.

*Dyer & McElyea, Ellen McElyea*, for appellant.

*Garry T. Moss*, District Attorney, *Margaret E. Daly, Rachelle L. Strausner*, Assistant District Attorneys, for appellee.