## S98A1735. PALMER v. THE STATE.
### (507 SE2d 755)

CARLEY, Justice.

After a jury trial, Dedrick Palmer was found guilty of felony murder while in the commission of aggravated assault, and sentenced to life imprisonment. The trial court denied his motion for new trial, and he appeals.[1]

1. Construed most favorably for the State, the evidence shows that Palmer and the victim had an argument at a bar, and the victim then went to sit under an old shelter. At some point thereafter, Palmer, acting at the direction of Casey Jenkins, his co-defendant, got a gun out of the trunk of Jenkins' car and fired it several times in the victim's direction. The victim was later found dead as the result of a gunshot wound. We conclude that a rational trier of fact could have found Palmer guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Roberts v. State,* 259 Ga. 620, 621 (1) (385 SE2d 668) (1989).

2. Palmer contends that the trial court erred by giving a sequen-

---

[30] 1993 Ga. Laws 730.

[1] The murder occurred on or about May 9, 1996. The grand jury returned its indictment on February 17, 1997. The jury found Palmer guilty on October 28, 1997 and, on October 30, 1997, the trial court entered the judgment of conviction and sentence. Palmer filed his motion for new trial on November 19, 1997. The trial court denied that motion on June 25, 1998, and Palmer filed his notice of appeal on June 29, 1998. The case was docketed in this Court on July 30, 1998, and the appeal was submitted for decision on September 21, 1998.

tial jury charge in violation of *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). According to Palmer, he preserved this issue by expressing a reservation of objections at the charge conference, but this reservation could not encompass objections to the charge as subsequently given. See *Wilson v. State*, 259 Ga. 55, 58 (6) (376 SE2d 676) (1989); *Smith v. Curtis*, 226 Ga. App. 470, 471 (1) (486 SE2d 699) (1997). At the conclusion of the jury instructions, the trial court affirmatively inquired whether Palmer had any objections to the charges "at this time." Palmer responded in the negative, did not reserve the right to object later and, thus, waived appellate review of the charge as given. *Geiger v. State*, 268 Ga. 8 (1) (485 SE2d 749) (1997); *Dunbar v. State*, 263 Ga. 769, 770 (4) (438 SE2d 356) (1994). See also *Clark v. State*, 265 Ga. 243, 246 (3) (e) (454 SE2d 492) (1995). The trial court's inclusion in its inquiry of the words "at this time" is not an acknowledgment of Palmer's reservation of objections to the charge as given. See *Cooper v. State*, 188 Ga. App. 297, 298 (2) (372 SE2d 679) (1988); *Kelly v. State*, 174 Ga. App. 424, 425 (4) (330 SE2d 165) (1985); *Butler v. State*, 173 Ga. App. 168, 169 (2) (325 SE2d 835) (1984). The procedures which must be followed in order to preserve for appellate review a trial court's charge are as applicable to the sequential charges which were disapproved in *Edge* as they are to charges dealing with any other issue. *Bryant v. State*, 268 Ga. 33, 34 (1) (485 SE2d 763) (1997).

Moreover, testimony that the victim cursed at Palmer and that a fight nearly broke out is not sufficient evidence of passion or provocation to authorize an instruction on voluntary manslaughter. See *Byrd v. State*, 257 Ga. 36, 37 (2) (354 SE2d 428) (1987); *Hunter v. State*, 256 Ga. 372 (2) (349 SE2d 389) (1986). Accordingly, the trial court erred in giving any charge at all on voluntary manslaughter. *McGill v. State*, 263 Ga. 81, 83 (3) (428 SE2d 341) (1993). See also *Lamb v. State*, 263 Ga. 118 (3) (428 SE2d 349) (1993).

3. Palmer enumerates as error the trial court's denial of his motion to sever his trial from that of Jenkins, contending that Jenkins' decision to call good character witnesses deprived the defense of the right to opening and closing arguments. However, Palmer withdrew the motion in return for the trial court's permission to present his own character witnesses despite his failure to provide the State with the list of witnesses required by OCGA § 17-16-8 (a). Therefore, Palmer waived the right to raise this issue on appeal. *Lackey v. State*, 246 Ga. 331, 334 (3) (271 SE2d 478) (1980). See also *Morrison v. State*, 258 Ga. 683, 685 (2) (373 SE2d 506) (1988).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 1998.

*John E. Pirkle,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.