S00A0679. TURNER v. THE STATE.
(531 SE2d 354)

FLETCHER, Presiding Justice.

A jury convicted Violet Janice Turner of felony murder in connection with the shooting death of her husband, Larry Jackson Turner.[1] On appeal, she contends that there was insufficient evidence to support a murder conviction and the trial court improperly charged the jury. Because the evidence was sufficient and she did not object to the charges at trial, we affirm.

1. The evidence presented at trial shows that Larry Turner had often threatened to kill his wife, her children, and her grandchildren. Violet Turner left him four or five times during their year-long marriage, but always returned to him. The night before the shooting, he was drinking and fighting with her and his uncle. On the day of the shooting, he came to the kitchen door with a crutch and said he

---

[1] The shooting occurred on March 1, 1997, and the defendant was indicted on April 28, 1997. A jury found her guilty on November 13, 1997, and the trial court sentenced her to life imprisonment. Turner filed a motion for new trial on December 10, 1997, which was denied on October 19, 1999. Turner filed a notice of appeal on November 15, 1999. The case was docketed in the clerk's office on January 10, 2000, and orally argued on April 18, 2000.

intended to beat her brains out. After he went back to bed, Violet Turner called a friend on the telephone and her husband started yelling at her. She told her friend that she could not take it anymore, put down the receiver, got a .38 revolver that was next to a chair in the room, stood in the bedroom doorway, and shot three times. The medical examiner testified that Larry Turner was lying on his back when the fatal bullet entered his abdomen and struck an artery. Testifying in her own defense, Violet Turner admitted that she shot her husband because she was tired of his threats and abuse, but did not mean to kill him. A defense expert testified that the defendant suffered from the battered person syndrome and post-traumatic stress syndrome and that she shot her husband because she believed he was going to kill her. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Violet Turner guilty of the crime charged.[2]

2. Turner contends that the trial court erred in its instructions to the jury on provocation, justification, and intoxication. Since she stated at the end of the jury charge that she did not have any exceptions or did not reserve her right to object in her motion for new trial or on appeal, she has waived this issue on appeal.[3] Nevertheless, we have reviewed the trial court's instructions and conclude that the charges are not misleading or confusing and adequately address the issues when considered as a whole. The trial court charged the jury that, before it would be authorized to return a verdict of guilty of murder, it must consider whether mitigating evidence reduced the offense to voluntary manslaughter;[4] the court further charged that the state had the burden of proving beyond a reasonable doubt that the defendant was not justified and the jury had the duty to acquit if it believed the defendant was justified; and the court properly charged the jury on voluntary intoxication since she told investigators that she had drunk two beers that day and a test showed that her blood alcohol level was .12 six hours after the shooting.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000.

*James A. Elkins, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant Dis-*

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Palmer v. State*, 270 Ga. 278, 279 (507 SE2d 755) (1998); *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979).

[4] See *Hill v. State*, 269 Ga. 23, 25 (494 SE2d 661) (1998).

*trict Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.