## S02A0012. DREPAUL v. THE STATE.

(561 SE2d 825)

HUNSTEIN, Justice.

Appellant Lionel Drepaul was convicted of the felony murders of Keith Walton and Robert Coffen, aggravated assault and possession of a firearm and sentenced to life in prison.[1] He appeals and we affirm.

1. The evidence at trial showed that the day before the murders occurred appellant met with Walton and Jackson to purchase drugs. Appellant learned that the drugs were fake and began searching for Walton and Jackson. Appellant and at least two others waited in appellant's car in the vicinity of Walton's vehicle and asked bystanders if they knew where they could find Walton and Jackson. When Walton, Coffen and another individual later entered Walton's vehicle, appellant pulled alongside Walton's car, scraping the driver's side of the door. The passenger in the backseat of appellant's vehicle pulled out a revolver and fired three shots into Walton's car. Walton and Coffen were shot and subsequently died.

Considering the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's contention that the trial court erred in its charge to the jury has been waived. The trial court twice asked counsel whether there were objections to the charge and on both occasions counsel neither objected to the portion of the charge now complained of nor reserved the right to object on motion for new trial or on appeal. Under such circumstances, appellant has waived the right to raise the issue on appeal. See *Turner v. State*, 272 Ga. 441 (2) (531 SE2d 354) (2000); *Leavitt v. State*, 264 Ga. 178 (3) (442 SE2d 457) (1994).

*Judgment affirmed. All the Justices concur.*

---

[1] The crimes occurred on May 7, 1997. Appellant was indicted on two counts of malice murder, two counts of felony murder during the commission of an aggravated assault, three counts of aggravated assault, and possession of a firearm during the commission of a felony on July 23, 1999. A jury convicted appellant on all charges on July 29, 1999 and that same day, appellant was sentenced to two consecutive life sentences for the malice murder convictions, twelve years concurrent for the aggravated assault on another victim in Walton's car, and five years consecutive on the firearms charge. Appellant filed a timely motion for a new trial on August 30, 1999 which was amended on November 7, 2000. On July 23, 2001, the State filed a motion to vacate the malice murder convictions and resentence on the felony murder convictions. On August 6, 2001 the trial court denied the remainder of appellant's motion for new trial, granted the State's motion to vacate the malice murder convictions, and appellant was resentenced to consecutive life sentences for the felony murder convictions, twenty years concurrent for aggravated assault, and five years consecutive for possession of a firearm. Appellant filed a notice of appeal on August 16, 2001. The appeal was docketed in this Court on September 19, 2001, and submitted for decision on the briefs.

DECIDED MARCH 28, 2002.

*Zell & Zell, Rodney S. Zell,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.