A09A1606. MARCIA-HERNANDEZ v. THE STATE.
(690 SE2d 236)

DOYLE, Judge.

Alexander Marcia-Hernandez was charged with criminal attempt to commit armed robbery[1] and aggravated assault.[2] A Gwinnett County jury found him guilty of both counts, and he was sentenced to serve ten years. Marcia-Hernandez appeals, arguing that the trial court erred by allowing the State to introduce hearsay testimony. We affirm, for reasons that follow.

Construed in favor of the verdict,[3] the evidence shows that Abad Merino-Merino was walking home after work when three men approached him and offered to sell him a set of binoculars. After Merino told the men that he did not have any money to buy the binoculars, the three men moved to his side, and two of them grabbed him. According to Merino, one of the men put a knife to his stomach and threatened to kill him if he did not give them his money; the second man went through the victim's pockets. The third man, who was looking through the binoculars, indicated that the police were coming, and the other two men released Merino. Merino flagged down the police, and they apprehended one of the men immediately. The police apprehended the other two men approximately 150 to 200 feet from the incident. Merino identified all three men as his attackers, and he directed the police to a knife that one of the assailants threw to the ground.

At trial, Merino identified Marcia-Hernandez as one of the two men who grabbed him and testified that Marcia-Hernandez was not the man who used the binoculars. Merino also identified the knife that he pointed out to the police, which was entered into evidence.

One of Marcia-Hernandez's co-defendants, Leonardo Cardoza Alcaras, also testified at trial, stating that he, Marcia-Hernandez, and a third man discussed robbing the victim. According to Alcaras, he grabbed Merino by the neck, put a knife to his stomach, and demanded money. The third man also grabbed Merino by the neck and tried to hold him, and then Marcia-Hernandez, who also wielded a knife, grabbed the victim.

---

[1] OCGA §§ 16-4-1; 16-8-41 (a).

[2] OCGA § 16-5-21 (a).

[3] See *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007).

Detective Shelly Millsap interviewed the three defendants following their arrests; he did not respond to the scene. Detective Millsap testified that Alcaras admitted that he, Marcia-Hernandez, and the third co-defendant collectively decided to rob Merino after they were unable to sell the binoculars and a digital camera. Alcaras told Detective Millsap that all three men approached Merino, and Alcaras pulled out a knife and held it to the victim, demanding money.

Detective Millsap further testified that although Marcia-Hernandez initially denied any involvement in the robbery, he then "changed his story and . . . admitted to seeing the robbery take place." Marcia-Hernandez told Detective Millsap that he merely watched while Alcaras threatened the victim with a knife, and the third man grabbed and attempted to take his money.

During direct examination, the State asked Detective Millsap "whether or not any knife or knives were involved in the incident," and he replied, "I knew that there were two knives collected, but what I — the information that I was given by [one of the officers who responded to the scene], that the victim only described a black-handled knife, and that was the knife that Alcaras also talked about, that he had a black-handled knife." The State then indicated that it was going to show Detective Millsap an exhibit, and defense counsel objected, requesting a conference outside the presence of the jury. After the jury was excused from the courtroom, defense counsel objected to the admission of Detective Millsap's testimony that police recovered a second knife from the scene, arguing that such testimony constituted impermissible hearsay.[4] After brief argument, the trial court overruled the objection, and Detective Millsap testified that two knives were collected at the scene and that he observed both knives at the police station.

On appeal, Marcia-Hernandez argues that the trial court erred in admitting Detective Millsap's testimony that there were two knives recovered from the scene on the basis that such testimony constituted impermissible hearsay because Detective Millsap was not present when the evidence was collected. This argument provides no basis for reversal.

Clearly, Detective Millsap's testimony that he personally observed two knives at the police station was not hearsay.[5] And even

---

[4] Marcia-Hernandez initially objected to admission of the second knife on the basis that the State had failed to prove chain of custody, but the State responded that it did not intend to tender the second knife.

[5] See OCGA § 24-3-1 (a) ("Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons.").

assuming that the trial court erred in admitting Detective Millsap's testimony that police collected two knives at the scene of the robbery, its admission was harmless.

> A trial court's error in admitting hearsay is harmless . . . when the inadmissible testimony is cumulative of legally admissible evidence of the same fact, where it does not touch on the central issue of the case, or it could not have contributed to the verdict in light of eyewitness testimony regarding the crime.[6]

Here, the objectionable testimony was cumulative of Detective Millsap's admissible testimony regarding his own observation of the two knives and of Alcaras's testimony that he and Marcia-Hernandez both wielded knives during the attempted robbery.[7] And there was overwhelming evidence of Marcia-Hernandez's guilt, including the testimony of the victim, Alcaras's testimony about the defendant's involvement in the robbery, and the fact that Marcia-Hernandez was apprehended immediately after the robbery, in the same area. Thus, "it is highly improbable that [the admission of Detective Millsap's objectionable testimony] contributed to the guilty verdict, and we find no reason for reversal on this ground."[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 25, 2010.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.

---

[6] (Punctuation omitted.) *Fisher v. State*, 295 Ga. App. 501, 504 (1) (672 SE2d 476) (2009).

[7] See *Head v. State*, 254 Ga. App. 550, 551 (2) (562 SE2d 815) (2002).

[8] *Green v. State*, 300 Ga. App. 688, 691 (4) (686 SE2d 271) (2009). See *Fisher*, 295 Ga. App. at 504 (1).